# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**STEPHANIE ALICIA TAYLOR**                                                                 **PLAINTIFF**

**V.**                                    **NO. 4:20-CV-00925-JTK**

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                                         **DEFENDANT**

## ORDER

**I.   Introduction:**

Plaintiff, Stephanie Alicia Taylor ("Taylor"), applied for disability benefits on February 10, 2018, alleging a disability onset date of January 3, 2018. (Tr. at 16). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Taylor's application on October 21, 2019. (Tr. at 26). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Taylor has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

**II.   The Commissioner's Decision:**

The ALJ found that Taylor had not engaged in substantial gainful activity since the alleged onset date of January 3, 2018.[2] (Tr. at 18). The ALJ found, at Step Two, that Taylor had the following severe impairments: degenerative disc disease, status post knee arthroscopy, diabetes

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

mellitus with diabetic neuropathy, depression, and history of opiate dependence. *Id*.

After finding that Taylor's impairments did not meet or equal a listed impairment (Tr. at 19), the ALJ determined that Taylor had the residual functional capacity ("RFC") to perform work at the light exertional level, with exceptions: (1) she could no more than occasionally stoop, kneel, crouch, and crawl; (2) she could no more than occasionally reach overhead; (3) she could perform work where the interpersonal contact is only incidental to the work performed (meaning a limited amount of meet and greet and no sales or solicitation); (5) she could perform tasks that can be learned in 30 days and require little independent judgment to perform those tasks; and (6) she could no more than occasionally tolerate changes in a routine work setting. (Tr. at 20).

At Step Four, based on testimony from a Vocational Expert ("VE"), the ALJ found that Taylor was capable of performing past relevant work as a deli worker and office cleaner. (Tr. at 25). Therefore, the ALJ found that Taylor was not disabled. *Id.*

### III.   Discussion:

   A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence

would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B. Taylor's Arguments on Appeal

Taylor contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) the ALJ erred by not finding obesity to be a severe impairment; (2) the ALJ did not properly consider Taylor's subjective complaints; (3) the ALJ did not fully develop the record; (4) the RFC did not incorporate all of Taylor's limitations; and (5) Taylor could not return to her past relevant work. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Taylor suffered from back, neck, and knee pain, but objective imaging showed no more than moderate conditions, which the ALJ discussed. (Tr. 21-22, 420-496, 939-974). Knee surgery was successful. (Tr. at 829, 1083). Medications mitigated Taylor's pain, and she refused to take narcotics for pain. (Tr. at 64, 940). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

She also had diabetes and diabetic neuropathy. But medication kept blood sugars in a reasonable range, and although her doctors recommended a diabetic diet, at the hearing, Taylor

said she did not follow such a diet. (Tr. at 66-67, 1131). Her doctors also suggested that she exercise and lose weight. (Tr. at 502). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Intact movement and sensation in her extremities, as well as normal gait and station, indicated that Taylor's neuropathy was not disabling. (Tr. at 608-628, 786, 1094).

Taylor alleged anxiety and depression, but she treated conservatively with medication and counseling. In early 2018, Taylor said her mood was improved and she denied anxiety. (Tr. at 803, 1131). Moreover, mental status examinations showed logical and goal-directed thought process and appropriate mood. (Tr. at 628, 803, 1094, 1131). At a May 2018 consultative mental examination, Taylor's showed no apparent distress or anxiety, and her mood, attitude, and affect were good (the clinician noted that Taylor exaggerated her symptoms). (Tr. at 644-648). She admitted that her mental health problems were controlled by medication. (Tr. at 502, 644-648, 1131).

Taylor first contends that the ALJ should have discussed her obesity and found it to be a severe impairment. Taylor had a BMI of 30.5, and a BMI of 30 or above is considered obese. (Doc. No. 17 at p. 16). However, Taylor said she had lost ten pounds at the hearing, and her doctors encouraged her to exercise. (Tr. at 64-67). No doctor placed any restrictions on her based upon her weight, and Taylor merely speculates that her weight would contribute to health problems down the road, without supporting evidence. Also, Taylor did not allege obesity as an impairment on her application, nor did she assert that it was disabling when she testified at the hearing. (Tr. at 58-72, 336). *See Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (claimant failed to allege impairment on application paperwork). Moreover, Taylor said she could drive, cook, and tend to personal care.

(Tr. at 18-25, 67-69). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Taylor has not shown that obesity would exacerbate her conditions, or that it should have been ruled to be a severe impairment.

Next, the Court finds that the ALJ properly evaluated Taylor's subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). The ALJ may disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. *Battles v. Sullivan*, 902 F.2d 657, 660 (8th Cir. 1990). Where an ALJ seriously considers but for good reasons explicitly discounts a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001).

In this case, the ALJ discussed the nature of Taylor's pain, her course of treatment, her positive response to medication, and her daily activities. (Tr .at 18-25). He reviewed the objective medical evidence and the medical opinions. *Id*. He concluded that her subjective complaints were inconsistent with the record as a whole. *Id*. This was not error.

Next, Taylor asserts that the ALJ did not fully develop the record. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. The ALJ is required to recontact a treating

or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011)

Taylor's attorney did not ask for further development of the record at the hearing. He did not ask for time to obtain more records. Furthermore, the medical and opinion evidence was not contradictory, so the record before the ALJ was complete.

The RFC for light work with additional limitations was appropriate. The ALJ considered the Disability Determination services opinion about Taylor's physical RFC and found them persuasive, because they were in agreement with the medical evidence. (Tr. at 137-143, 184-192). Surgery and medication relieved Taylor's conditions and she could perform some daily activities. Her objective imaging results showed no more than moderate conditions.

The ALJ also considered the DDS psychiatric experts' opinion that Taylor could perform semi-skilled work. *Id*. Crediting Taylor's testimony, the ALJ dropped her RFC down to unskilled, the least complicated work from a mental standpoint. Both the physical and mental RFCs incorporated Taylor's credible limitations.

Finally, the ALJ's determination that Taylor could perform her past relevant work was proper. The ALJ asked the VE if a person with all of Taylor's credible limitations could perform her past relevant work. (Tr. at 66-72). The VE explained that she had reviewed the job history report and that both past relevant jobs were light and unskilled according to the DOT; therefore, she said, Taylor would be able to perform that work. *Id*. The ALJ fulfilled his duty at Step Four.

**IV.   Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits.

The ALJ properly considered subjective complaints, past relevant work, and severe impairments. The record was fully developed and the RFC incorporated all of Taylor's limitations. The finding that Taylor was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 9th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE